Successors of Casanova & Co., Ltd., Plaintiffs and Appellants, *v.* Ramírez et al., Defendants and Appellees (Irizarry et al., Intervenors and Appellees).

Appeal from the District Court of Mayagüez in an Action of Unlawful Detainer.

No. 1641.—Decided July 20, 1917.

Unlawful Detainer—Intervention—Evidence—Designation of Heirs.—When there are intervenors in an action of unlawful detainer claiming to be the

owners of the property in controversy by title of inheritance, certificates of birth, marriage and death tending to establish the facts are admissible in evidence to prove the title of inheritance of the intervenors, and it is not necessary to present the judicial designation of heirs to establish the same.

ID.—ID.—CONFLICT OF TITLES—ORDINARY ACTION.—When a real question of ownership is involved by reason of a conflict of titles, the plaintiffs alleging that the property was acquired by them at a public sale in a judicial proceeding and the intervenors that it belongs to them by title of inheritance, the proper action to establish the property rights claimed by the parties is not an action of unlawful detainer but an ordinary action.

The facts are stated in the opinion.

*Mr. José Sabater* for the appellants.

*Messrs Horton & Arroyo* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action of unlawful detainer brought up from the District Court of Mayagüez. The plaintiffs, the Successors of Casanova & Company, Limited, doing business in the city of Mayagüez, allege in the complaint that they are the owners of two houses and four wooden sheds built on a lot belonging to Anais Cristy in the said city; that defendants Sandalio Ramírez and others are detaining the material possession of the said houses and sheds without title or right, paying no rental or consideration to the plaintiffs, and that they refuse to vacate the same although they have been given notice to do so.

The defendants answered the complaint with a general denial of all its allegations, and after this Altagracia Irizarry and others, by leave of the court, filed a complaint in intervention, alleging in substance that the intervenors are the owners of the said houses and sheds; that they acquired the same by inheritance from the former owner, María de Jesús Irizarry, who constructed them more than twenty years before; that on September 2, 1907, María de Jesús Irizarry died a spinster, leaving as her sole heirs her sisters Altagracia and Isabel Irizarry and four nephews, the legitimate children of Joaquín Irizarry who died on November 23, 1905;

that on December 23, 1911, Isabel Irizarry also died, leaving two legitimate daughters as heirs; that intervenor Altagracia Irizarry, in her own right and as verbal attorney in fact of the other intervenors, entered into a contract of lease with defendants Sandalio Ramírez and others by virtue of which the latter are now in possession of the houses and sheds, and that the plaintiffs never acquired any title of ownership to the houses and sheds nor took any judicial or extrajudicial action to evict the intervenors from their present lawful ownership and possession.

The plaintiffs answered the complaint of intervention, denying all the facts on which it was based and alleging that they were the true owners of the property under title of purchase at public auction from the marshal of the municipal court of Mayagüez in an action of debt against Inocencio Rivera.

The case went to trial and on January 8, 1917, the court rendered judgment, dismissing the complaint with costs, expenses and disbursements against the plaintiffs, on the ground that there was sufficient evidence introduced to show an actual conflict of title between the litigants.

The attorney for Casanova & Company appealed to this court from the said judgment and in support of his appeal assigns the following errors:

(1) That the lower court erred in admitting in evidence certificates of birth, marriage and death of persons interested in the alleged inheritance to prove the hereditary title of the intervenors, inasmuch as a judicial designation of heirs was necessary to establish their title.

(2) That the lower court erred in not holding that under their title of purchase at public auction, introduced in evidence, the plaintiffs are the owners of the said houses until their title is annulled.

It is true that the court allowed the intervenors to introduce in evidence a certificate of the civil registry to show

that María de Jesús Irizarry died in Mayagüez on September 2, 1907, and other certificates of birth, marriage and death, all for the purpose of proving that the intervenors were the heirs of María de Jesús Irizarry, to which the plaintiffs objected and excepted.

We are of the opinion that the said evidence was admissible, and in support of this opinion we cite our decisions in the cases of *Morales* v. *Landrau,* 15 P. R. R. 761; *Soriano* v. *Rexach,* 23 P. R. R. 531, and *Fortis* v. *Fortis, ante,* p. 64.

As to the second ground of appeal, the plaintiffs offered in evidence a deed executed on November 2, 1916, by the Marshal of the Municipal Court of Mayagüez before Notary José Sabater, conveying to the plaintiffs the houses which are the subject-matter of the suit as the result of a bid made by the said plaintiffs before that court on November 30, 1915, in an action of debt brought by them against Inocencio Rivera.

The intervenors introduced documentary and oral evidence tending to show that they were the lawful heirs of María de Jesús Irizarry; that about the years 1890 and 1891 the latter built houses and sheds with her own money; that she held possession of the said buildings until her death on September 2; 1907, and up to that time paid the taxes to the Insular Treasury and the rent of the lots on which they were constructed to Anais Cristy; that after the death of María de Jesús Irizarry one Inocencio Rivera, who had lived with her, continued in charge of the management of the said buildings, and that intervenor Altagracia Irizarry is now in possession of them.

In view of the said evidence we cannot conclude that the intervenors are in possession of the houses and sheds in question as tenants at sufferance; that is, without title or right. By the deed of November 2, 1916, only such titles, rights and interests as Inocencio Rivera may have had in

the property sold were conveyed to the plaintiffs, and they have produced no evidence to show that Rivera was the real owner. On the other hand, the defendants have furnished evidence tending to show that they hold possession under title of inheritance from María de Jesús Irizarry. The title of the plaintiffs is derived from Inocencio Rivera. This is a plain question of ownership, or a conflict of titles which must be litigated, not in a summary action of unlawful detainer, but within the wider scope of an ordinary action in which both parties may assert the rights of ownership to which they may believe themselves entitled, in accordance with the jurisprudence repeatedly laid down by this court. See *Gonce* v. *Méndez,* 7 P. R. R. 531; *Pesquera* v. *Díaz,* 8 P. R. R. 109; *Landrón* v. *Saldaña,* 8 P. R. R. 418; *Del Valle* v. *Andreu et al.,* 11 P. R. R. 398; *Mehrhoff* v. *Rodríguez et al.,* 14 P. R. R. 56; *Pesquera* v. *Fernández,* 16 P. R. R. 223; *Torres et al.* v. *Pérez,* 18 P. R. R. 557; *Miranda* v. *Camerón et al.,* 19 P. R. R. 465; *Delgado* v. *Pimental et al.,* 20 P. R. R. 521; *García* v. *Brignoni et al.,* 22 P. R. R. 331; and *Gandía* v. *Cabán,* 22 P. R. R. 773.

The case of *León* v. *Alvarado,* 24 P. R. R. 654, relied on by the appellants, does not aid their claim, as a comparative consideration of the two cases shows them to be different. The case cited refers to the conveyance of a property to León in an action against Alvarado, who was the owner of the property, while in this case the property was conveyed to the plaintiffs in an action against Inocencio Rivera, who was not shown to be the owner.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.